PERRY, J.,
concurring in part and dissenting in part.
I concur with the majority’s finding that the evidence here is sufficient to sustain Davis’s convictions; however, I cannot agree-with the majority’s finding that the Hurst v. Florida, — U.S. -, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), error was harmless “beyond a reasonable doubt simply because the evidence supporting the aggravators was “significant and essentially uncontroverted.” See majority op. at 175. To the extent that I would not find the error harmless, I dissent.
In Hurst v. State (Hurst), 41 Fla. L. Weekly S433, 202 So.3d 40, 2016 WL 6036978 (Fla. Oct. 14, 2016), we declined to speculate why the jurors voted the way they did; yet, because here the jury vote was unanimous, the majority is comfortable substituting its weighing of the evi *176 dence to determine which aggravators each of the jurors found. Even though the jury unanimously recommended the death penalty, whether the jury unanimously found each aggravating factor remains unknown.
In Hurst, we held that for a defendant to be eligible for a death sentence, a jury must unanimously find the existence of each aggravating factor, that the aggravating factors are sufficient, and that the aggravating factors outweigh the mitigating circumstances. Hurst, 41 Fla. L. Weekly at S442, 202 So.3d at 54. Additionally, we held that the jury’s death sentence recommendation must be unanimous. Id. While I agreed in Hurst that Hurst v. Florida errors are subject to harmless error review, see Hurst, 41 Fla. L. Weekly at S441-442, 202 So.3d at 67-68 I believe the majority’s conclusion that the error was harmless beyond a reasonable doubt in this case is mistaken.
Davis was convicted for three murders, and despite the same jury hearing the aggravation and mitigation in all three cases, the jury only voted unanimously to recommend a death sentence for two of the victims. For the remaining sentence, the jury vote was eight to four, and the trial judge reduced the sentence to life imprisonment.
For each of the three murders, the jury was presented with evidence to support and instructed on eight aggravating circumstances: (1) that Davis was previously convicted of a felony and on felony probation; (2) that Davis was contemporaneously convicted of another capital felony or a felony involving the use or threat of violence; (3) that the capital felony was committed during the course of a felony (robbery/arson); (4) that the capital felony was committed for the purpose of avoiding lawful arrest; (5) that the capital felony was committed for pecuniary gain; (6) that the capital felony was especially heinous, atrocious, or cruel; (7) that the capital felony was committed in a cold, calculated, and premeditated manner; and (8) that the victim of the capital felony was under the age of twelve. Of these aggravators, three are clearly established by the evidence— previous felony conviction, contemporaneous felony, and committed during the course of a robbery. The remaining aggra-vators for each required factual finding that under Hurst must now be considered and weighed by a jury. The majority concludes that the error is harmless because no reasonable jury would have failed to find the aggravating factors given the evidence. Yet, even with the additional circumstance of the age of the victim that applied to Michael Bustamante, Jr., the jury nevertheless did not unanimously recommend a death sentence as it related to Michael Bustamante. We simply cannot assume that every juror found every ag-gravator beyond a reasonable doubt.
The majority’s reweighing of the evidence to support its conclusion is not an appropriate harmless error review. The harmless error review is not a sufficiency of the evidence test, and the majority’s analysis should instead focus on the effect of the error on the trier of fact. State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986). By ignoring the record and concluding that all aggravators were unanimously found by the jury, the majority is engaging in the exact type of conduct the United States Supreme Court cautioned against in Hurst v. Florida. See Hurst v. Florida, 136 S.Ct. at 622.
Because the harmless error review is neither a sufficiency of the evidence review “nor a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence,” see DiGuilio, *177 491 So.2d at 1138, I conclude that the error here was harmful.
QUINCE, J., concurs.